IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DARRELL WILLIAMS,** | : |
| Petitioner, | : |
| vs. | : CIVIL ACTION NO. 12-00048-WS-B |
| **LEON FORNISS,** *et al.*, | : |
| Respondents. | : |

### REPORT AND RECOMMENDATION

Darrell Williams, an Alabama inmate proceeding pro se, brought this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. This action has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases for appropriate action. Because Petitioner has failed to prosecute and to comply with the Court's Orders dated March 6, 2012 and April 30, 2012 (Docs. 7, 11), it is recommended that this action be dismissed without prejudice.

Williams filed a complaint pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Alabama. (Doc. 6). Upon a review of Petitioner's Complaint, the Court noted that while Williams asserted that he was seeking relief pursuant to 28 U.S.C. § 2241, he was actually challenging his state court conviction and sentence, thus, his case must

proceed under 28 U.S.C. § 2254. (Id. at 16-17). The Court also determined that such a challenge must be brought in the district court for the district where the state court which sentenced Williams is located. Because Williams was convicted and sentenced in the Circuit Court of Baldwin County, Alabama, which is located in this district, Williams' case was transferred to this Court. (Doc. 6 at 17).

In an Order dated March 6, 2012 (Doc. 7), this Court observed that Williams' petition and motion to proceed in forma pauperis were not on the forms required by this Court for an action pursuant to 28 U.S.C. § 2254. (Id.). Accordingly, Williams was directed to file his petition on this Court's form for an action under 28 U.S.C. § 2254, and his motion on the Court's form for a motion to proceed without prepayment of fees. Williams was ordered to file the completed forms by April 6, 2012, and the Clerk was directed to forward copies of the forms to Williams. (Id.).

Rather than complying with the Court's directive, Williams filed a Motion for Relief from Judgment. (Doc. 8). In the Motion, Williams questioned the authority of the undersigned Magistrate Judge to enter the March 6, 2012 Order. He also filed a document entitled "Affidavit" Petition for a Writ of Habeas Corpus Pursuant to 2254(a)(b)(1)(B) (Doc. 9) and an Application for Leave to Proceed In Forma Pauperis (Doc. 10). In an Order

2

dated April 30, 2012, the Court once again directed Williams to file his petition on this Court's form for an action under 28 U.S.C. § 2254, and his motion on the Court's form for a motion to proceed without prepayment of fees. Williams was ordered to file the completed forms by May 21, 2012, and was cautioned that if he persisted in his failure to comply with the Court's Orders, his case would be will dismissed without prejudice for failure to obey the Court's Orders. (Doc. 11).

To date, Williams has not complied with the Court's directives. He has not filed his petition on the habeas form required by this Court, and has not filed a motion to proceed without prepayment of fees on this Court's current form, or paid the statutory $350.00 filing fee in lieu thereof[1]. Additionally, Williams' copy of the Order has not been returned to the Court. Due to Williams' failure to comply with the Court's Orders and failure to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  Link v. Wabash R.R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not

---

[1]  As opposed to filing the completed forms as directed by the Court, Williams filed an "Affidavit of Financial Statement" (Doc. 12) and "Declaration of Nationality" (Doc. 13).

3

to restrict the court's inherent authority to dismiss <u>sua sponte</u> an action for lack of prosecution); <u>World Thrust Films, Inc. v. International Family Entertainment, Inc.</u>, 41 F.3d 1454, 1456-57 (11th Cir. 1995); <u>Ballard v. Carlson</u>, 882 F.2d 93 (4th Cir. 1989), <u>cert. denied</u>, <u>Ballard v. Volunteers of America</u>, 493 U.S. 1084, 110 S.Ct. 1145, 107 L.Ed.2d 1049 (1990); <u>Mingo v. Sugar Cane Growers Co-op</u>, 864 F.2d 101, 102 (11th Cir. 1989); <u>Goforth v. Owens</u>, 766 F.2d 1533, 1535 (11th Cir. 1983); <u>Jones v. Graham</u>, 709 F.2d 1457, 1458 (11th Cir. 1983). <u>Accord</u> <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction; <u>Malautea v. Suzuki Motor Co.</u>, 987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), <u>cert. denied</u>, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **29th** day of **June, 2012**.

                                            /s/ SONJA F. BIVINS
                                    **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.  **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[2]  Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

5

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **29th** day of **June, 2012.**

　　　　　　　　　　　　　　　　　　 **/s/ SONJA F. BIVINS**
　　　　　　　　　　　　　　　　　 **UNITED STATES MAGISTRATE JUDGE**